## PRINCE, CHACE & CO. VS. THOMAS.

The defendant proposed to the plaintiffs to repair his carriage, and enquired as to the cost, and terms of payment: the plaintiffs replied that it would not cost less than $125, nor more than $150; and that the terms were cash, or 12 months credit, if he gave his note : the work was commenced, but the carriage taken away before it was quite completed, and no offer to give the note: HELD, That there was no special contract; but if so, it was abandoned by the parties; and that the plaintiffs were entitled to re-cover the fair value of the repairs actually put upon the carriage, upon its completion, or acceptance by the defendant.

*Appeal from Ouachita Circuit Court.*

The Hon. SHELTON WATSON, Circuit Judge:

PIKE & CUMMINS, for appellant. If there was any proof of an agreement for time, that agreement was dependant on an act of defendant—the giving his note, which was not done. This failure annulled the contract for time, and the money became payable on completion of the work. *Ch. Con.* 375 ; *Russell vs. Minor,* 22 *Wend.* 659 ; *Lupin et. al. vs., Marie et. al.* 6 *Wend.* 77 ; 2 *Hall* 345 ; 17 *Pick.* 606.

There was no acceptance of the proposition for time ; and therefore there never was any such contract. *Ch. Con.* 12, 13.

CURRAN, for the defendant. The only and true point was, whether the action was not prematurely brought. It is true that one of the witnesses testified that Thomas was to give a note ; but the second instruction gave the plaintiffs the full benefit of that evidence. The jury decided that the debt was not due till the 1st January, and that defendant was not to give a note. The evidence clearly justified them in that conclusion, and it was their province to decide upon the conflict of testimony.

Mr. Chief Justice Watkins delivered the opinion of the Court

The declaration in this case contained the common counts in indebitatus assumpsit, for work and labor, and materials bestowed in the repairing of a carriage, for the defendant. The evidence conduced to show the following state of facts: that the defendant, having a carriage out of repair, proposed to the plaintiffs to put in repair, and inquired of them what it would cost; to which they answered, that it would cost him not less than one hundred and twenty-five, nor more than one hundred and fifty dollars. The defendant then inquired what were the terms of payment, and was told that the usual terms were cash, upon the completion of the work; but, if he would give his note, he could have twelve months credit: and the understanding of the plaintiffs was, that such note would bear interest, though that was not so expressed at any time in the presence of the defendant. The defendant then told them to take the carriage, and they accordingly removed it to their shop, to be repaired. Before the repairs were quite completed, that is, the carriage, lacking about fifteen or twenty dollars worth of work of being finished, but being in good running order, the defendant came to the shop, where the plaintiffs were, examined the work, expressed himself entirely satisfied with it, took away the carriage, and used it, and offered it for sale. No reason is shown why the work was not finished. For aught that appears, the carriage was taken away with the consent of the plaintiffs. They made no objection to its removal. Nothing was said, then or afterwards, about the defendant giving his note or entitled to any credit. No request or demand was made upon the defendant to give his note, but the plaintiffs immediately brought suit for the amount of the repairs, which were variously estimated by the witnesses to be worth from $85 to $120. The court below refused to give two instructions asked for by the plaintiffs, predicated upon the supposition, that a special contract had been proved to do the repairs for an agreed price, and that in such case no evidence was admissible to reduce the

verdict below the price agreed upon, unless to show that the repairs were not done in a workman-like manner. The court gave an instruction, on their motion to the effect, that, if the jury believed the defendant agreed to give his note for the work done upon the carriage on the completion, and he failed or refused to do so, when the work was completed, the amount agreed to be paid for the repairs became due at once, and that the burthen of proof was upon the defendant to show that he either gave such note or offered to do so, and the plaintiffs refused to receive it. The jury returned a verdict for the defendant, stating in it, for some unaccountable reason, that they found for him, under the instructions of the court. The case comes up on exceptions to the decision of the court refusing to grant a new trial, moved for upon the grounds that the court had erred in refusing to give the instructions asked for on behalf of the plaintiffs, and that the verdict was against evidence.

The verdict can be sustained only on the supposition that the jury believed the plaintiffs had agreed to do the work on a credit, and without requiring any note to be given for the price, and therefore the action was prematurely brought; of which there was some, but very slight evidence, depending on the statement of one of the plaintiffs in a casual conversation with a witness. Our impression of the evidence, is, that no special contract was established. The conversation amounted to no more than an assurance to the defendant that the repairs would not cost him beyond a certain sum. Nor did the defendant say or do anything clearly indicative of his acceptance of either alternative, to pay cash on completion of the work, or obtain credit, by giving a note. And if there was any special agreement, it was abandoned by the acts of each party; the defendant in accepting the carriage before the repairs were completed, and the plaintiffs by delivering it to him, without asking for the note. Notwithstanding what may have been said between the parties, the only construction to be put upon their conduct is, that they finally concluded to place the matter on the footing of a common undertaking to do the repairs for a reasonable compensation, and which would ordinarily

be due and payable on the completion of the work, or its accep-
tance by the defendant. The form of the declaration precluded
the court from giving any such instructions as those which were
rightly refused; and the instruction given was improper, because
inapplicable to the case made by the evidence; so that the cor-
rectness of it, in the abstract, need not be considered. Nevertheless,
the verdict was wrong, and the court ought to have granted a new
trial, because, according to any reasonable view of the testimony,
taking it all as true, the plaintiffs were entitled to recover the
fair value of the repairs actually put upon the carriage. Re-
versed.