RUNDELL *v.* ROGERS.

Opinion delivered May 31, 1920.

1. LANDLORD AND TENANT—LIABILITY FOR REPAIRS.—Unless a landlord agrees with his tenant to repair leased premises, he can not, in the absence of a statute, be compelled to do so.

2. CUSTOMS AND USAGES—LOCAL CUSTOM NOT PROVABLE WHEN.—A local custom can not be shown to render a landlord liable for failure to make repairs in contravention of the rule that he is not required to do so in the absence of agreement or statute.

3. CUSTOMS AND USAGES—SUFFICIENCY OF EVIDENCE.—A local custom can not be established by testimony which fails to show that it is of such long standing as to be generally known.

Appeal from Saline Circuit Court; *M. H. Holleman,* Special Judge; reversed.

The appellant, *pro se.*

1. It was not the duty of the landlord to keep the fence in repair, as there was no agreement to do so. 16 R. C. L. 1030, § 552; 33 L. R. A. 449 and notes; 72 Ark. 405; 63 *Id.* 430; 18 A. & E. Enc. L., vol. 4215 and 246, § 2; 16 R. C. L. 1033, § 553.

2. There was error in admitting testimony as to "custom" relative to upkeep and repairs. 18 A. & E. Enc. 217; 210 S. W. 626; L. R. A. 1917 F. 997; 33 L. R. A. 451, notes; 65 N. W. 913. Custom was not pleaded. 1 L. R. A. 1497. Parol testimony as to custom fell short of showing that such a custom was in general use or of long-standing or generally known to both parties. 17 C. J. 518, notes 8 (a) and 10 (a), and page 523, note 62 (b); 108 Ark., *Ry.* v. *Wirbel; Ward Fur. Co.* v. *Isbell,* 81 *Id.* Had the duty been upon appellant by contract or custom to keep the premises in repair, the proof fails to show any effort by appellee to minimize his loss or damage. 203 S. W. 836; 16 R. C. L. 559, § 29; 16 *Id.* 1057, § 587. Appellant was not liable in damages for repairs without an agreement to do so, even if appellant retained part of the premises, and there is no proof of this kind. 10 L. R. A. 147; 60 *Id.* 585. The tenant knew the condition of the lands and enclosures and it was satisfactory to him when he rented. He made no complaint, and can not complain now, of the conditions. 16 R. C. L. 1030, § 552; 33 L. R. A. 449 and note.

*J. S. Utley,* for appellee.

1. It is not necessary to plead custom. 85 Ark. 568. It was proved to be generally known and of long standing, and parties are presumed to have contracted with reference to it as a part of the contract. 46 Ark. 222; 113 *Id.* 325.

2. This court will not disturb the verdict when the evidence is conflicting and the legal evidence tends to

sustain it. 117 Ark. 71; *Ib.* 223; 108 *Id.* 578; 87 *Id.* 109. The instructions correctly state the law.

Wood, J. This action was brought by the appellee against the appellant. The appellee alleged that he rented about five acres of land from the appellant which was to be cultivated in corn during the year 1918; that appellee was to pay one-third of what was produced to the appellant; that appellant with the permission of appellee gathered his share of the corn; that in doing so he gathered more than one-third; that the appellant negligently failed to keep the fence in good repair around the land and thereby negligently permitted hogs to get in the field and to eat and destroy all the corn that appellant left; that on account of the negligence of the appellant, as set forth, the appellee lost thirty bushels of corn, worth $1.75 per bushel. The appellant denied the allegations of the complaint.

The appellee testified to the renting of the land as set forth in the complaint and that he planted the same in corn; that after the crop was laid by he went away and was gone until late in the summer; that on his return he found that appellant's hogs had been getting in the corn; that the inclosure around appellant's pasture, which was within the same general inclosure as the cornfield, was not hog proof; that he saw appellant's hogs in the pasture and saw hog tracks where they had been passing through an opening under a culvert between appellee's cornfield and appellant's pasture; that appellee gave appellant permission to gather his share of the corn; that later when appellee came home he found that all the corn was gone.

Over appellant's objection appellee and other witnesses were permitted to testify that the custom in that locality was for the owner to keep up the fence around a farm when it was rented. To this ruling of the court the appellant duly excepted.

According to the undisputed evidence there was no agreement on the part of the appellant to make repairs of any kind.

From a judgment in favor of the appellee is this appeal.

"Unless a landlord agrees with his tenant to repair leased premises, he can not, in the absence of a statute, be compelled to do so," is a rule of law well established in this State and elsewhere. *Delaney* v. *Jackson,* 95 Ark. 131; *Jones* v. *Felker,* 72 Ark. 405; *Brown* v. *Dwight Mfg. Co.,* L. R. A. 1917 F, 997; 16 R. C. L. 1030, sec. 552, n. 18; 18 Am. & Eng. Enc. of Law 215, 4a.

A local custom can not be shown in order to render the landlord liable for failure to make repairs in contravention of the above well esta ished rule. 18 Am. & Eng. Enc. of Law 217.

"The tendency of modern decisions is not to imply covenants which might and ought to have been expressed, if intended." 7 Wallace 423. Moreover, if it were competent to prove a local custom, the testimony adduced by the appellee in this case was not sufficient to show that the custom was of such long standing as to be generally known. *St. L., I. M. & S. Ry. Co.* v. *Wirbel,* 108 Ark. 437; *Ward Furn. Mfg. Co.* v. *Isbell,* 81 Ark. 549.

The testimony concerning the local custom was, therefore, incompetent and the court erred in admitting it. The error is prejudicial to appellant. The judgment is, therefore, reversed and the cause will be remanded for new trial.