CLARK *v*. MATLOCK.

4-3612

Opinion delivered November 26, 1934.

*McMillan & McMillan,* for appellants.

*J. H. Lookadoo,* for appellee.

MEHAFFY, J. The appellee brought suit against the appellants and alleged that Grady Russell, appellee's intestate, before his death rented land from the appellants, and alleged that the fence inclosing the land rented was bad, and that the crop was destroyed by cattle.

Before the suit was brought, Grady Russell died, and W. T. Matlock was appointed administrator of the

estate. The suit was for $100 damages. There was a jury trial and verdict and judgment for $70. To reverse this judgment, this appeal is prosecuted.

There is no dispute about appellee's intestate having rented the land, and no dispute about the crop having been destroyed. Appellee was permitted to prove that it was the custom in that locality for the landlord to keep up the fence around a farm when it was rented. There is, however, no evidence tending to show an agreement on the part of the appellants to make repairs.

This case is ruled by the case of *Rundell* v. *Rogers,* 144 Ark. 293, 222 S. W. 19. This court said in that case: " 'Unless a landlord agrees with his tenant to repair leased premises, he can not, in the absence of a statute, be compelled to do so,' is a rule of law well established in this State and elsewhere. * * * A local custom can not be shown in order to render the landlord liable for failure to make repairs in contravention of the above well-established rule.''

The evidence as to the local custom was therefore incompetent, and the court erred in permitting it. If the evidence showed that the landlord agreed to keep the fence in repair, or if the evidence showed that the contract was made between the parties that the landlord should keep up the repairs, or that they should be governed by the local custom, then evidence of the custom would be admissible.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.