WYATT *v.* ERNY.

4-4499

Opinion delivered January 25, 1937.

*D. G. Beauchamp,* for appellant.

McHANEY, J.   This suit involves $30.   Appellant sued appellee for this amount in the justice court to recover one month's rent on a dwelling apartment in the city of Paragould on the ground that appellee, who was appellant's tenant, failed to give him the thirty days' notice required by law prior to the termination of his tenancy.   Appellant lost the suit in the justice court and appealed to the circuit court, where he lost it again and has now appealed to this court.

The facts are that appellee was appellant's tenant from month to month, the monthly rental being payable in advance on the first day of each month, from January 1, 1933, to March 1, 1935.   He paid his rent for the month of February on the 6th and notified appellant at that time that he was terminating the tenancy on March 1st, appellant advised him at that time he would have to give him 30 days' notice and that if he moved out on or prior to March 1st he would owe him $30 for the month of March.   Appellee moved out the latter part of February and refused to pay the rent for March and this suit followed.

Appellee defended the action on the ground that under the custom prevailing in the city of Paragould, the thirty days' notice was not required and he introduced some witnesses to prove that it was not customary to do so. A number of other witnesses testified to the contrary, that is, that there was no such custom in the city of Paragould and that notice of termination was required.

The rule in this state with reference to notice is well settled and is restated in the recent case of *King* v. *Solmson,* 188 Ark. 237, 65 S. W. (2d) 19, as follows: "The common-law rule is that, in order to terminate a tenancy from month to month, notice to quit by the landlord, or notice of an intention to vacate on the part of the tenant, is necessary, and this notice must be served before the beginning of the succeeding rental month." Citing 1, Underhill on Landlord and Tenant, § 115. Our own decisions on this subject are there collected and reviewed and it is unnecessary to cite them or again quote from them. The substance of them, however, is that since we have no statute regulating the length of notice required in such a case, we are governed by the common-law rule, that the right to notice under a tenancy from month to month is mutual between landlord and tenant; that if the landlord desires to put the tenant out, who is paying his rent, he must give him thirty days' notice; and if the tenant desires to terminate the tenancy, he must give his landlord thirty days' notice in order to avoid liability for the rental falling due in the succeeding month and this notice must be given on or before the beginning of the succeeding rental month.

We have examined the testimony relating to the matter of custom in giving or not giving the notice required by law in the city of Paragould, and find it insufficient under the decisions of this court to affect appellant with notice of the custom. In *Rundell* v. *Rogers,* 144 Ark. 293, 222 S. W. 19, it was held that a landlord could not be compelled to repair leased premises in the absence of a statute so requiring or an agreement with his tenant to repair and that a local custom cannot be shown in order to hold the landlord liable for failure to

make repairs. In other words, that evidence of the custom would not be competent in such a case. A number of cases are cited so holding. The court said: "Moreover, if it were competent to prove a custom, the testimony adduced by the appellee in this case was not sufficient to show that the custom was of such long standing as to be generally known." Citing cases. The above case was followed in the recent case of *Clark* v. *Matlock*. 189 Ark. 1081, 76 S. W. (2d) 104.

The reason for the rule is that a local custom cannot supplant or do away with a positive requirement of law, if at all, unless it be of such long standing and so universal in its application that the parties must be held to have contracted with reference to the custom. The evidence here for the appellee fails to measure up to this standard because appellant and several others testifying in his behalf, well-known realty owners and operators, said that there was no such custom as contended by appellee and that they always required the notice. The testimony for appellee appears to be that the notice was not required in many instances because of the insolvency of the tenant or for other reasons not necessarily tending to establish a custom.

We are, therefore, of the opinion that the court erred in refusing to direct a verdict for appellant for the amount sued for, at his request. The judgment will be reversed, and judgment will be entered here for appellant in the sum of $30, with interest from March 1, 1935, and all the costs of this action.