HICKS *v.* WOODRUFF.

5-3322                                                   382 S. W. 2d 586

Opinion delivered October 12, 1964.

*DuVal L. Purkins,* for appellant.

*William H. Drew,* for appellee.

JIM JOHNSON, Associate Justice. This is an action by appellants Dave Hicks and Billy D. Hicks, his son, for specific performance of an option to purchase clause con-

tained in a farm lease contract, against appellees Thomas E. Woodruff and Pauline B. Woodruff, his wife, and Dewey Beavers and Naomi Beavers, his wife, in Chicot Chancery Court. After a long drawn out hearing the diligent chancellor concluded in 31 pages of findings that the lease was operative, that the option was ambiguous, that appellants had failed to comply with the terms of the option and that appellants' complaint should therefore be dismissed. From the judgment on these findings appellants have prosecuted this appeal.

Appellants urge two points for reversal, both of which pertain to the chancellor's interpretation of the option clause. After protracted and careful study of the seven volume record on trial de novo, we do not reach either point argued.

This is a suit for specific performance in which appellants sued on a written contract, the farm lease. They, of course, had the burden of proving the existence of the writing. Appellees, admitting the execution of the contract, claim it has been rescinded, canceled or abandoned and therefore have the burden of proving such claim. 18 C.J.S., Specific Performance, § 140, p. 715; 3A Corbin, Contracts, § 749 et seq. Rights acquired under a contract may be abandoned or relinquished by agreement, conduct or by a contract clearly indicating such purpose. To constitute an abandonment of rights, an actual intent to abandon must exist. 17A C.J.S., Contracts, § 412. The rule applicable here is succinctly stated in Restatement, Contracts, § 406, comment b (1932), as follows:

"b. The agreement to rescind need not be expressed in words. Mutual assent to abandon a contract, like mutual assent to form one, may be manifested in other ways than by words. Therefore, if either party even wrongfully expresses a wish or intention to abandon performance of the contract, and the other party fails to object, there may be sometimes circumstances justifying the inference that he assents. If so there is rescission by mutual assent; but mere failure to object to repudiation is

not a manifestation of assent to a rescission. Sometimes even circumstances of a negative character, such as the failure by both sides to take any steps looking towards the enforcement or performance. of a contract, may amount to a manifestation of mutual assent to rescind it."

The conduct of the parties here clearly evidences a rescission of the farm lease (which contained the option to purchase). It is axiomatic that the option to purchase was dependent upon the existence of the lease, and if the lease was rescinded, the option to purchase was a fortiori rescinded. *Smith* v. *Carter,* 213 Ark. 937, 214 S. W. 2d 64. The actions and correspondence of the parties subsequent to 1961 manifested an obvious intention to abandon performance of their contract as written and resulted in appellees making a substantial change of position, that is, appellants permitted appellees to expend over $11,500.00 in clearing some 231 acres of land on the farm which had been the subject of the. option. Appellees then rented this cleared land to someone else, with the knowledge of and without objection from appellants, although the lease sued on expressly gave appellants exclusive control of the property. Prior to this, in January 1962, when half of the 1962 rent was past due under the lease, appellants wrote appellees stating, "It's rent time again," and requested that appellees rent the land to them in 1962 for $3,000.00. (The lease. provided for $4,900.90.) Further, under the lease sued on appellants rented the entire farm, but after appellants' letter, appellees rented them only the land they farmed in 1961, and appellants made no claim for the balance of the farm. If the lease were in force, appellants would have had the right to farm all of the lands described in the lease including the 231 newly-cleared acres at no additional rental. Certainly it was never in the contemplation of the parties at the inception of the farm lease contract for appellees to gratuitously enrich appellants by making extremely valuable improvements on property they had optioned to sell at a fixed pirce. Without detailing other facts utterly inconsistent with the continued exist-

ence of a lease, suffice it to say that appellees clearly met the burden of proving rescission of the contract.

Having thus concluded, we reach the same results as the learned chancellor but for different reasons. Accordingly, the decree is afirmed.