GREGORY *v.* WALKER.

5-3523

Opinion delivered May 10, 1965.

*Felver A. Rowell, Jr.,* for appellant.

*Charles H. Eddy, Philip H. Loh,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Bob Gregory, on June 30, 1962, entered into a parol agreement with appellee, C. E. Chapman, to purchase a certain 130-

acre farm from Chapman. The property was being purchased for the benefit of Gregory's son, David,[1] who desired to commence farming operations, rather than to attend college. Gregory, therefore, was insistent that he must have possession of the lands as of January 1, 1963. Chapman agreed to give possession on that date. At the time, the lands were being rented to Aubrey Walker, also an appellee herein, and Gregory and Chapman agreed that the 1962 rents were to be paid to appellant. Walker did not give up the lands, but continued to hold same for the year 1963, and thereafter, appellant instituted suit against both Chapman and Walker, seeking $6,000.00 damages against Walker for unlawful detention of the premises, and, in the alternative, seeking judgment against Chapman in the sum of $7,500.00 for damage sustained by virtue of breach of contract. The case was transferred from the Circuit Court to the Chancery Court of Conway County, and trial was held in that court. After hearing the evidence, the court found that the Gregorys purchased the land from Chapman on June 30, 1962, for the benefit of their son, and further found that there was an agreement that Gregory was to receive the rents (except grain rents) for the year 1962, and that Chapman would notify Walker to vacate the premises by the end of the year. The court found that Walker's tenancy was a year-to-year holding, entitling him to six months' notice to vacate; further, that Chapman did, on July 1, 1962, give notice to Walker to vacate at the end of the year. However, the Chancellor held that this notice was insufficient to terminate the year-to-year tenancy. The trial court also found that the reasonable rental value of the lands for 1962 and 1963 was the agreed crop rental; further, that Walker had paid the rent in full for 1962, "and has paid or stored the beans constituting the rent for 1963 subject to collection by the plaintiff Gregory." Accordingly, no judgment was rendered against this appellee.

As to Chapman, the court found that he owed Gregory for the reasonable rental value of the premises for the years 1962 and 1963, less amounts paid by Walker. This

---

[1] The deed was made to David, and the receipt for the down payment was also in his name.

resulted in a judgment against Chapman for $50.00,[2] and also judgment for storage costs on the beans. From the decree entered in accordance with these findings, appellant brings this appeal.

For reversal, appellant relies upon two points, first, that the trial court erred in holding that Aubrey Walker did not receive timely notice to terminate the tenancy, and second, that the court erred in holding that Chapman was only liable for the reasonable rental value of the land, rather than the actual damages sustained by appellant.

We agree with the trial court that the notice to vacate given appellee Walker by appellee Chapman was insufficient to terminate the year to year tenancy. It is pointed out in 32 Am. Jur., Section 997, under Landlord and Tenant, that there is no absolute rule as to computation of time, and the practice varies in the several jurisdictions. The Chancellor, in a written opinion, succinctly gave his reasons for holding the notice insufficient, and since we completely concur, this portion of his opinion is adopted in full as follows:

"The notice to vacate given defendant Walker by defendant Chapman on July 1, 1962, was insufficient to terminate the year to year tenancy. Although it is generally stated that such tenancy requires 6 months' notice, very little authority has been found on the day such notice is to be given. However, it appears that in Arkansas, notices to terminate tenancies must require that the tenant vacate at the end of one of the recurring periods of holding. *Reece* v. *Leslie*, 105 Ark. 127 [150 S. W. 579]; *Stewart* v. *Murrell*, 65 Ark. 471 [47 S.W. 130]. These cases involve month to month tenancies but the principle would appear to be the same, that is that Walker was required to vacate on December 31, 1962. It appears, also, as to month to month tenancies that the notice to vacate must be given prior to the commencement of one of the recurring periods of holding and that a notice given after the period has commenced is insufficient. *Wyatt* v. *Erny*, 193 Ark. 479

---

[2] Walker had withheld $50.00 from the 1962 bean rent, for work that he had done for Chapman, and the court held that Walker was entitled to the $50.00. This was the reason for the judgment in that amount for Gregory against Chapman.

[101 S. W. 2d 181]; *King* v. *Solmson,* 188 Ark. 237 [65 S.W. 2d 19]. An annotation appearing at 88 ALR 1344 gives cases from other jurisdictions, some of which agree with this holding and some of which would hold the notice in this case to be sufficient. See also 32 Am. Jur. "Landlord and Tenant" Secs. 998-999. This holding, by excluding the day of the notice, appears to be in keeping with Ark. Stats. Sec. 27-127, defining "month" to mean a calendar month and Sec. 27-130 requiring that only one day between two acts may be counted. Thus, since Mr. Walker was entitled to 6 months' notice, terminating his tenancy on December 31, 1962, the notice given on July 1, 1962, would either be less than 6 months' notice since he was to vacate on December 31, 1962, or would have been a notice to vacate on January 1, 1963, after the new term had commenced."

It might be added that this court has, on numerous occasions, held that, in the computation of time, the first day is to be excluded, and the last day, included. See *State ex rel Hebert, Prosecuting Att'y.* v. *Hall, Secretary of State,* 228 Ark. 500, 308 S.W. 2d 828, and cases cited therein.

The trial court found that the measure of damages was the reasonable rental value of the lands for the years 1962 and 1963, and that the agreed crop rental met this test. Appellant asserts that this was error, vigorously contending that if he had been placed in possession of the premises on January 1, 1963, a substantial profit would have been made from farming operations. Gregory stated that he would have made 25 bushels of beans to the acre on 115 acres, and the beans would have sold for $2.68 a bushel. He said that seed would have cost a total of $300.00; that fuel would have cost approximately $400.00, and that $1,000.00 would have been paid to "get it chopped." It is argued that appellant should have been granted judgment in the amount of $7,705.00, less the rent paid by Walker for the year 1963.

We cannot agree with this contention. In *Lamkins* v. *International Harvester Co.,* 207 Ark. 637, 182 S.W. 2d 203, this court said:

"Furthermore, appellant's claim for damages, asserted in his cross-complaint, is based upon allegations that he was prevented from planting and growing a twenty-five-acre crop of soybeans. The measure of damages for preventing planting of a crop is the rental value of the land."

Several cases are then cited in support of the statement. Likewise, in *Dilday* v. *David,* 178 Ark. 898, 12 S.W. 2d 899, we commented:

"The law is settled that, where no crop has been planted, the measure of damages for an actionable wrong so preventing is the rental value of the land."

Further, in *Sumlin* v. *Woodson,* 211 Ark. 214, 199 S.W. 2d 936, this court, after stating that damages cannot be based upon conjecture and speculation, said:

"Such damages 'must be certain both in their nature and in respect to the cause from which they proceed. It is against the policy of the law to allow profits as damages, where such profits are remotely connected with the breach of contract alleged, or where they are speculative, resting only upon conjectural evidence or the individual opinions of the parties or witnesses.' 13 Gyc. 53. *Spencer Medicine Co.* v. *Hall,* 78 Ark. 336, 93 S.W. 985; *Beekman Lbr. Co.* v. *Kittrell,* 80 Ark. 228, 96 S.W. 988, *Hurley* v. *Oliver,* 91 Ark. 433, 121 S.W. 920.' To the same effect, see, also, *St. L.-S. F. Ry. Co.* v. *Spradley,* 199 Ark. 174, 133 S.W. 2d 5; and *S.W. Tel. & Tel. Co.* v. *Memphis Tel. Co.,* 111 Ark. 474, 163 S. W. 1153, and earlier cases there cited. See, also, Vol. 7 West's Arkansas Digest, 'Damages', § 40, 124, 176, listing other cases from this court. See, also, 17 C. J. 758, 788 and 910 for general discussion. (25 C. J. S., Damages, §§ 28, 43, 90.) In 15 Am. Juris. 560, after giving the general statements from leading cases, this rule is deduced:

"It has been said that the most definite rule that can be drawn from the cases would seem to be that if by any chance or under any condition of affairs then existing the profits might not have accrued though the wrongful act had not intervened, there can be no allowance of profits lost as damages; but if, except for the wrongful act, there

must have been profits, notwithstanding any other circumstances existing at the time of the perpetration of the wrong, the question of their speculativeness and contingency is absolutely negatived.''

Crops are, of course, dependent on many factors, *inter alia*, the elements, the type of soil, the time of planting—and the ability of the farmer. Gregory testified that he would have made ''twice as much,'' and then proceeded to give the figures heretofore related. This evidence was no more than guesswork and speculation, and it is also noteworthy that Gregory testified that he had never grown soy beans himself.[3] For that matter, the testimony, as to the crop that he would have made, had possession been turned over to him, is somewhat in conflict with his earlier statement that the land was purchased for the benefit of his son, who would farm it. Be that as it may, the testimony introduced is insufficient to establish damages.

Appellee Chapman urges affirmance of the court decree in the main, but argues that the court erred in directing him to pay $50.00 to Gregory, the storage bill on some of the soy beans, and taxing him with the court costs. We are unable to consider this argument, since appellee took no cross-appeal from the decree of the court.

Affirmed.

---

[3] From the record: "Q.—Have you ever raised soy beans? A.—Myself, I haven't, but I've had it done. Q.—You say you've had it done. You mean people have rented your land and raised soy beans on your land? A.—Well I been raising soy beans the last two or three years with other people, partnership and so forth, on some other land."