NOEL COCKRUM *v.* MARGARET McCALLIE ET AL

5-6090

488 S.W. 2d 717

Opinion delivered January 8, 1973

*Spitzberg, Mitchell & Hays,* for appellant.

*Botts & Jenkins,* for appellees.

CONLEY BYRD, Justice. This litigation between the children of Mary Cockrum, appellees Margaret McCallie, Truman Cockrum, Christine Xander, Jimmy Cockrum and Gene Cockrum and appellant Noel Cockrum arises out of a 1949 lease between Mary Cockrum and Noel Cockrum containing an option to purchase. A 1965 lease between the same parties did not contain the option agreement. The trial court held the option null and of no effect on the basis of estoppel and also denied Noel's claim for betterments. For reversal Noel raises several points that we do not reach because under our view the option to purchase terminated or was rescinded upon the execution of the 1965 lease.

The 1949 lease after reciting that both Noel and his mother each owned an undivided one half interest provided:

"It is mutually agreed and understood that Noel Cockrum is operating the said farm and paying the

customary rentals to the party of the first part, Mary Cockrum. It is mutually agreed and understood that as a part of the consideration for the lease contract on the land between the parties that Mary Cockrum agrees to bind herself, her heirs, executors, administrators or assigns to grant to Noel Cockrum an exclusive and prior option to purchase the undivided one-half interest of Mary Cockrum at any time within two years after the death of Mary Cockrum for the sum of $6,000.00 cash."

Another paragraph of the lease agreed that [The Zeller] lands irrigated from the well on the property would be kept under lease for the benefit of both parties.

Thereafter the parties entered into a new $3,000 cash lease beginning as of January 1, 1965, and ending as of December 31, 1965, wherein Mary Cockrum assigned all of her rights in the Zeller Lease to Noel. This contained a year to year renewal in the absence of notice but made no mention of the option set out in the 1949 lease.

At the trial it was agreed that Mary Cockrum never executed the option in accordance with the terms of the 1949 lease. The record also shows that after the execution of the 1965 lease there was a family gathering in Clinton, Arkansas, at which time Noel mentioned the 1949 option. The appellees testified that when Mary Cockrum became disturbed about the matter, Noel offered to pay $18,000 for the land. Noel testified that he only offered $12,000. Mary Cockrum died in 1970, at the age of 93. This litigation arose after Noel recorded the 1949 lease and gave notice that he was going to exercise the option.

In *Hicks* v. *Woodruff*, 238 Ark. 481, 382 S.W. 2d 586 (1964), we pointed out that where a lease containing an option to purchase is terminated or rescinded, the option to purchase is also rescinded or terminated. In this instance the only consideration for the option was the 1949 lease. The 1965 agreement is a complete new agreement and contrary to Noel's contention is not an extension of the 1949 agreement. Consequently the option in the 1949 contract was terminated or rescinded as a matter of law upon the execution of the 1965

agreement. See *Spindler* v. *Valparaiso Lodge*, 223 Ind. 276, 59 N.E. 2d 895 (1945).

The foregoing disposition of Noel's alleged option makes it unnecessary for us to discuss the chancellor's disposition thereof upon the ground of estoppel.

Noel also complains that the trial court erred in denying his claim for improvements. His proof showed the cost of building a reservoir and digging some ditches. No proof was introduced to show that the improvements enhanced the value of the land. On the other hand there was proof indicating that the reservoir and ditches were constructed to better make use of the Zeller Lease. Under the proof, we cannot say that the chancellor erred in denying the claim for improvements.

Affirmed.