# J. I. CASE COMPANY, d/b/a CASE POWER & EQUIPMENT COMPANY *v.* Charles SEABAUGH

CA 83-56                                    662 S.W.2d 193

### Court of Appeals of Arkansas
### Division I
### Opinion delivered December 21, 1983

*Elledge & Martin,* by: *Steven W. Elledge* and *John W. Martin,* for appellant.

*Carl J. Madsen, P.A.,* for appellee.

GEORGE K. CRACRAFT, Judge. J.I. Case Company d/b/a Case Power & Equipment Company appeals from a judgment entered against it in favor of Charles Seabaugh in the amount of $12,726.11, contending that the trial court erred in denying its motion for judgment notwithstanding the verdict because the verdict was against both the law and the evidence. We find no error in the action of the trial court and affirm the judgment.

In January 1980 Seabaugh disputed the amount of a bill for $2,547.79 presented to him by the appellant for repairs to his Model 450 tractor. When appellee refused to pay the bill the appellant claimed the right to retain possession of the machine under the Artisan's Lien Statute [Ark. Stat. Ann. § 51-404 (Repl. 1971)] and subsequently brought this action

to recover the amount of its bill. The appellee protested that the appellant had undertaken to repair this same machine a short time before this second bill was incurred and that the second repair was occasioned by appellant's failure to repair it properly the first time. He contended the parties had therefore agreed that he pay only a portion of actual cost of the second repair. By counterclaim appellee also prayed judgment for the loss of use of the machine over a period of fourteen months during which it had been in the possession of appellant.

The appellant offered evidence of the reasonable cost of repair and denied any agreement to reduce the bill below its customary charge for that service. The appellee offered evidence both that the parties agreed to "split" the repair bill and of the amount to reasonably compensate him for his loss of use of the machine while it was retained by appellant. The jury was instructed that should they find the question of liability in favor of appellant they must determine the amount of money which would reasonably and fairly compensate it for its services. If they found for the appellee they must determine the amount of money which would reasonably compensate him for loss of use of his machine for the fourteen month period during which it was withheld from him by the appellant. They were properly instructed on the factors which they might consider in determining the reasonable compensation for loss of use. At appellant's request the jury was instructed on the right of an artisan to claim a lien for materials and labor furnished in the repair of implements and machines and its right to retain possession of the machine until the lien is satisfied. They were instructed that whether appellant had rightfully retained possession of the machine was a question of fact for them to determine.

The jury was also instructed that the rights of the parties were separate and distinct and, although decided on the same evidence, the claims of the parties should be treated as separate suits. The jury was furnished two general verdict forms — one for use in the event they found for the appellant and the other if they found for the appellee. They were

instructed by the court that they should complete "one or the other."

After the jury retired they returned to inquire whether they must return only one verdict or could make an award on each. They were told that it was possible for them to make two awards. After the jury had again retired the trial judge stated to counsel that he wanted "a thorough understanding from you gentlemen that this is correct. Do you understand and agree?" Both counsel stated that they did agree. The trial judge then asked counsel if they understood that in the event two verdicts were returned, one verdict would offset the other. Both agreed that this might be done.

The jury thereafter returned both verdict forms. They found for the appellant "in the amount of $1273.89" and for the appellee "in the amount of $14,000." The trial court then polled the jury to make certain that by two verdicts they intended that the appellee recover the sum of $14,000 less $1273.89. The jury agreed that this was the intent of their verdict and the court thereupon directed counsel to prepare a judgment against the appellant in the amount of $12,746.11.

The appellant moved for a judgment notwithstanding the verdict contending that the finding of the jury that the appellant was entitled to be paid the sum of $1273.89 for repairing the tractor necessarily included a finding that it had a right to possession of the property under the Artisan's Lien Statute. The jury could not therefore return a verdict against appellant based upon a wrongful loss of use of the tractor. The trial court denied the motion on the grounds that he had initially given the jury two verdict forms and told them to come back with only one. After the jury asked if they could possible render a verdict on both forms they were instructed that they might, and at that time both parties agreed that the instruction was correct.

We do not reach the merit of appellant's argument that the verdict was tantamount to a finding that appellant has a right to a possessory lien and therefore damages for wrongful loss could not be awarded. At the time the jury was instructed that they might return two verdicts both parties

consented to the giving of that instruction and agreed that it was a correct one. Even if the instructions given the jury were incorrect ones it is well settled that under the doctrine of invited error appellant may not complain on appeal of an erroneous action of a trial court if he had induced or acquiesced in that action. *Missouri-Pacific Railroad Co.* v. *Gilbert,* 206 Ark. 683, 178 S.W.2d 73 (1944); *Kansas City Southern Railroad Co.* v. *Burton,* 122 Ark. 297, 183 S.W.2d 189 (1916).

We do not address the issue of whether the Artisans' Lien Act is violative of due process requirements. Not only was there no cross-appeal but the issue was not raised in the trial court and will not therefore be considered by us for the first time on appeal. *Williams* v. *Edmondson & Ward,* 257 Ark. 837, 250 S.W.2d 260 (1975); *Gregory* v. *Walker,* 239 Ark. 415, 389 S.W.2d 892 (1965).

Affirmed.

CORBIN and CLONINGER, JJ., agree.