SYNERGY GAS CORP. *v.* H.M. ORSBURN & SON, INC.

CA 85-110                                        689 S.W.2d 594

Court of Appeals of Arkansas
Division II
Opinion delivered May 29, 1985
[Rehearing denied June 19, 1985.]

*Hoover, Jacobs & Storey*, by: *Victor A. Fleming*, for appellant.

*Bullock & McCormick*, by: *William R. Bullock*, for appellee.

TOM GLAZE, Judge. This appeal involves a lease agreement between Synergy Gas Corporation (Synergy) and H. M. Orsburn & Son, Inc., (Orsburn). Synergy contends the chancellor erred in finding that Synergy failed to exercise its option to extend its lease and that it could have exercised the option to purchase contained in the lease only during a validly effected extension of the lease. The chancellor further held the option to purchase was void under the rule against perpetuities. We affirm.

On September 11, 1972, Orsburn and Sun Oil Company entered into a lease for real property for a primary term beginning January 1, 1973, and ending January 1, 1983. This lease provided for rent of $150.00 per month. On December 14, 1981, the lease was assigned to Synergy. The lease contains the following pertinent clauses:

*Paragraph 3*:

> Lessor hereby grants unto Lessee the continuing option of extending the primary term of this lease for four (4) additional separate periods of five (5) years each, at the same rental and upon the same terms and conditions as the primary term, said options to be exercised as to each such

extension period only by written notice to Lessor *at least thirty (30) days prior to the expiration of the primary term* hereof or the current extension period . . . (Emphasis added.)

*Paragraph 4*:

Lessor hereby grants to Lessee the exclusive right, at Lessee's option, to purchase the demised premises . . . *at any time after the primary term* of this lease *or at any time during the extension* or renewal periods thereof, (a) for the sum of Eighteen Thousand Dollars ($18,000.00); . . . (Emphasis added.)

Paragraph 15 of the lease is also relevant and provides that all notices given under the lease shall be effective if sent by registered mail. It further provides that the date of service shall be the date the notice is deposited in the post office.

Synergy gave notice, by a registered letter postmarked December 3, 1982, that it was exercising its option to extend the lease from January 1, 1983, to January 1, 1988. On December 6, 1982, H. M. Orsburn wrote Synergy, stating that, as he had not heard from Synergy, he assumed that Synergy did not want to extend the lease and the lease would be cancelled. On December 15, 1982, Mr. Orsburn wrote Synergy informing it of the receipt of Synergy's letter postmarked December 3, 1982, and stating that, because the letter provided less than the thirty-days notice required by the lease, all options to re-lease or purchase were cancelled. Mr. Orsburn further informed Synergy that he would consider negotiating a new lease.

From January through March, 1983, Synergy remitted and Orsburn accepted $150.00 a month as rent. From April through December, 1983, Synergy remitted and Orsburn accepted $400.00 a month as rent. Negotiations for a new lease took place during this time, but none was ever signed.

On December 13, 1983, Synergy sent by registered mail a letter purporting to exercise the option to purchase the property for $18,000, the figure specified in the lease. Mr. Orsburn refused to honor this purported exercise of the option and, on December 22, 1983, wrote Synergy that its "month-to-month tenancy is terminated and cancelled." In January 1984, Synergy submitted

$150.00 to Orsburn as final lease payment under its purported exercise of the option, which Orsburn refused to accept. Synergy then brought a suit for specific performance of the option to purchase, which the chancellor denied.

Synergy first contends that the chancellor erred in holding that the extension of the lease was invalid because Synergy failed to give thirty-days notice. We must affirm the chancellor's findings of fact unless they are clearly erroneous or clearly against the preponderance of the evidence. *Integon Life Insurance Corp.* v. *Vandegrift*, 11 Ark. App. 270, 669 S.W.2d 492 (1984). Daniel M. Schientag, Vice-President of Synergy, testified that the notice was mailed on December 3, 1982, which, counting both the third of December and the first of January, constituted exactly thirty days. Synergy argues the chancellor erred when he relied on Ark. Stat. Ann. § 27-130 (Repl. 1979) and refused to count both December 3rd and January 1st. Synergy's contentions cannot be sustained under either the law or the plain language of the contract. In *Gregory* v. *Walker*, 239 Ark. 415, 389 S.W.2d 892 (1965), our Supreme Court held that, while nationwide there is no absolute rule as to the computation of time in situations involving landlords and tenants, in Arkansas the rule is "that, in the computation of time, the first day is to be excluded, and the last day, included." 239 Ark. at 417-18. The court further stated that this rule is in keeping with § 27-130 (requiring that, when computing the time between two acts, only one of the days, either the date of the first *or* the last act, may be counted). 239 Ark. at 418. Furthermore, the plain language of Paragraph 3 of the lease in this case provides that notice must be given "at least thirty (30) days *prior* to the expiration of the primary term." (Emphasis added.) While Synergy argues this means prior to January 2, 1983, both W. E. Morris, the representative of the original lessee and primary drafter of the lease, and H. M. Orsburn, the original lessor's representative, testified that they construed Paragraph 3 to mean prior to January 1, 1983. In *Schnitt* v. *McKellar*, 244 Ark. 377, 385-6, 427 S.W.2d 202, 207 (1968), the Supreme Court stated the construction that the parties have placed on a contract is entitled to great weight in interpreting it. Under applicable law and the facts of this cause, we believe the chancellor correctly determined that Synergy would need to have given notice on the first of December in order to have met the thirty-days notice require-

ment of the lease.

Synergy argues that, because the lease is a long-term lease, it should not be held to a strict count of days, citing *Riverside Land Co.* v. *Big Rock Stone & Material Co.*, 183 Ark. 1061, 40 S.W.2d 423 (1931). However, in *Riverside Land Co.*, the court, acknowledging that the giving of notice was a condition precedent to the extension of the lease, found the *lessor had waived* the lessee's failure to give notice of the extension by accepting rent, without any objection, for over a year, before the lessee gave notice of its desire to extend the lease. 183 Ark. at 1064-7. A new rent was negotiated, the lease continued, and was then assigned to appellee, who had no notice that the extension notice had not been properly given until it tried to exercise a second extension period under the lease. *Id.* Unlike the situation in *Riverside Land Co.*, here we have no hint of a waiver by the lessor, Orsburn. Here, Orsburn promptly gave notice of its intent to hold Synergy to the required notice. Under these facts, the chancellor's holding that the lease was not validly extended is clearly not against the preponderance of the evidence.

Synergy's next contention is that, even if the lease was not extended properly, the chancellor erred in holding that Synergy's attempted exercise of the option to purchase was invalid and that the option could only be exercised during a proper extension of the lease. We note that the chancellor failed to specify his reason for making this particular finding. Nonetheless, because we review equity appeals *de novo*, we will affirm a correct decision of the chancellor if we find the record shows an appropriate reason for affirmance. *Sossamon* v. *Davis*, 271 Ark. 156, 161, 607 S.W.2d 405, 409 (Ark. App. 1980). Under the terms of the lease, it is undisputed that the option could only be exercised after the primary term had expired. Synergy's vice-president, Schientag, testified that he thought Synergy could exercise the option any time thereafter, whether or not the lease was renewed. He believed that the option to purchase was a separate agreement, with a separate consideration.

It is settled Arkansas law that an option to purchase contained in a lease expires when the lease is terminated or rescinded, unless separate consideration is given for the option. *See Cockrum* v. *McCallie*, 253 Ark. 745, 488 S.W.2d 717 (1973); *Hicks* v. *Woodruff*, 238 Ark. 481, 382 S.W.2d 586

(1964); *Smith* v. *Carter*, 213 Ark. 937, 214 S.W.2d 64 (1948). In an option to purchase contained in a lease, time is of the essence, whether the lease explicitly so provides or not. *Carter*, 213 Ark. at 941. The court is without discretion to grant additional time, and the lessee cannot extend the prescribed period merely by holding over and paying rent. *Id.* Synergy contends a separate consideration was given, *viz.* the payment of rent for ten years under the primary term. As we stated before, the court is to give great weight to the construction of the contract given to it by the parties. *See Schnitt, supra.* While Schientag stated he believed separate consideration was given, there was no evidence any was given. Nor can we, as Synergy suggests, read the lease terms to indicate the parties provided or intended a consideration for the option to purchase. The only consideration mentioned in the lease pertains to the $150.00 monthly rental due during the primary lease term of ten years. Consistent with the fact no additional consideration was intended, both Morris and H. M. Orsburn, original parties to the agreement, testified that the option to purchase would expire if the lease was not validly extended. In sum, because the lease fails to provide any independent consideration for the option to purchase, and because the evidence supports a finding that no separate consideration was given, we cannot say the chancellor clearly erred in holding that the option to purchase could only be exercised during a valid extension of the lease.

Because we have upheld the chancellor's finding that the option expired upon Synergy's failure to effectively extend the lease, we need not decide whether the option to purchase violated the rule against perpetuities.

Affirmed.

COOPER and CORBIN, JJ., agree.