2011 Ark. App. 288

Mickey ALLEN, Appellant.

v.

ARKANSAS DEPARTMENT OF HUMAN SERVICES and Minor Children, Appellees.

No. CA 10–1259.

Court of Appeals of Arkansas.

April 20, 2011.

Leah Beth Lanford, Little Rock, for appellant.

Keith L. Chrestman, Jonesboro, for appellees.

ROBERT J. GLADWIN, Judge.

Appellant Mickey Allen's parental rights were terminated by order filed September 13, 2010, in Desha County Circuit Court. On appeal he contends that there was insufficient evidence to support the trial court's order. We affirm the order terminating Allen's parental rights.

### Statement of Facts

N.A. and A.A., ages two and one, respectively, were removed from their parents' home by the Department of Human Services (DHS) on December 17, 2008, after A.A. tested positive for amphetamines, cocaine, and methamphetamines at birth.[1] On January 13, 2009, in an agreed order, the trial court found probable cause existed for the children's removal, that the children were dependent-neglected, and that custody should be continued with DHS. Both parents were ordered to follow the case plan, obey all orders of the trial court, cooperate with DHS, attend and participate in individual and family counseling, attend and complete parenting classes, submit to random drug screens, obtain and maintain stable employment, housing, and transportation, and submit to a drug assessment and follow the recommendation.

By review order of April 8, 2009, the trial court found that neither parent had complied with the case plan. Specifically, appellant had tested positive on January 23, 2009, for cocaine and opiates, and the drug screen taken on April 1, 2009, would not "read" due to the low temperature of the urine submitted. Appellant sought a DNA test to confirm paternity of N.A., and the trial court ordered that DHS was relieved of providing services to him until the DNA test was completed.

At the review hearing on May 12, 2009, appellant tested positive for cocaine, and the trial court found that he had not complied with the case plan in that he had not paid for the paternity testing that he had requested. The trial court ordered supervised visitation for both parents and ordered appellant to continue to follow the orders set for him on January 13, 2009, to call DHS once a week, and to call DHS twenty-four hours in advance for transportation.

A review hearing was held on July 14, 2009, wherein the trial court found that the DNA test proved that appellant was the father of N.A. The trial court found that, since paternity testing had been completed, appellant had attended all visitation and completed parenting classes. The trial court further found that appellant tested positive for crack cocaine on May 12, 2009, June 17, 2009, and June 30, 2009, but tested negative for all drugs on July 14, 2009. Appellant was ordered to obtain a drug assessment and submit to random drugs screens and test negative.

The trial court found that appellant had only partially complied with the case plan

---

1. The mother of the children, Kabal Burnett, was named as an original party to this action and her parental rights were terminated by order filed May 12, 2010, from a hearing held on March 9, 2010. However, Ms. Burnett is not a party to this appeal.

at the review hearing held August 5, 2009, in that he had not visited the children on a regular schedule, had failed to obtain housing and transportation, and had failed to begin his GED classes. The previous orders for appellant continued with the added order for him to obtain his GED. At the review hearing of October 20, 2009, appellant was ordered to continue to follow all previous orders, attend every NA/AA meeting available in Dumas, Arkansas, provide a sign-in sheet as his proof of attendance, and contact Delta Counseling for a counseling assessment.

DHS filed a petition to terminate parental rights on December 1, 2009, and a permanency-planning order was filed on that date changing the permanent goal for the children to adoption rather than reunification. In the order, the trial court found that appellant had been cooperative with DHS, completed in-patient drug treatment, and participated in parenting classes. The trial court further found that appellant tested positive for cocaine on November 18, 2009, and that he was not employed. The previous orders continued for appellant.

By order entered May 12, 2010, from a hearing held March 9, 2010, the mother's parental rights were terminated. However, the trial court denied the petition to terminate appellant's parental rights, finding that he had completed enough of the case plan and court orders to warrant more time.

On May 12, 2010, a review order was filed wherein the trial court found that returning custody to appellant was not in the best interests of the children, but continued the goal of the case to be reunification with appellant. The trial court further found that appellant was in partial compliance in that he had visited with the children twice since the last court date and had let DHS know that he would miss visitation on March 17. However, the trial court noted that appellant missed seven visitations. Appellant admitted to the trial court that he had not attended the NA/AA meetings and that his driver's license was suspended. The trial court found that appellant had not made any payments on his fine, was living with his parents, and had recently obtained a house. Previous orders for appellant continued.

DHS filed a second petition seeking to terminate appellant's parental rights on May 14, 2010. After an extensive hearing, the trial court granted DHS's petition and entered findings on August 11, 2010, and an order terminating parental rights on September 13, 2010. In its findings, the trial court stated,

I find that the father has failed to follow the Court's Orders and failed to follow the case plan. Mr. Allen has been unable to maintain stable housing throughout the period of time the children have been in the [DHS]'s custody. He contacted the case worker shortly before court to come and view the home and the testimony and the pictures evidence that he is still not prepared to take custody of his two children. The home was not adequately repaired, not adequately furnished and there was no food in the home. It appeared that Mr. Allen was not even living in the home at the time. I stressed to Mr. Allen at the last review hearing that if he was serious in regaining custody of his children he needed to visit his children on every visiting day. The testimony at the termination hearing was that Mr. Allen had visited very few of his visitation days with the children. Mr. Allen is self-employed, he sets his own schedule and if he was genuinely concerned about regaining custody of his children he should have made every visit. Mr. Allen has not even had the children in his home

for one overnight visit since the children were removed a year and seven months ago. Mr. Allen does not have a valid driver's license and admitted that he still owed fines that have not been paid. . . . It appears that Mr. Allen only gets busy right before court to try to accomplish things that should have been accomplished months ago. [DHS] has made reasonable efforts to place the children with Mr. Allen, there have been home visits, family visits, transportation, parenting classes, random drug screens, visitation with the children, drug treatment, but the father remains no closer to being able to parent the children.

After the formal termination order was entered, appellant filed a timely notice of appeal, and this appeal followed. Appellant does not contest the trial court's finding that termination was in the children's best interest, but argues that there was insufficient evidence that he had failed to remedy the conditions causing removal of the children, thus eliminating the sole ground relied upon by the trial court to terminate his parental rights. DHS and the attorney ad litem disagree and argue that this court, on de novo review, can go to the record to find grounds pleaded by DHS in its termination petition and affirm the circuit court's order.

### Standard of Review

Termination-of-parental-rights cases are reviewed de novo. *Hune v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 543, 2010 WL 2612681. Grounds for termination of parental rights must be proven by clear and convincing evidence, which is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established. *Hughes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 526, 2010 WL 2522197. The appellate inquiry is whether the trial court's finding that the disputed fact was proven by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In resolving the clearly erroneous question, we give due regard to the opportunity of the trial court to judge the credibility of witnesses. *Camarillo–Cox v. Ark. Dep't of Human Servs.*, 360 Ark. 340, 201 S.W.3d 391 (2005). Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Meriweather v. Ark. Dep't of Health & Human Servs.*, 98 Ark. App. 328, 255 S.W.3d 505 (2007).

In order to terminate parental rights, a trial court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration the (1) likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark.Code Ann. § 9–27–341(b)(3)(A)(i) & (ii) (Repl.2009). Additionally, the trial court must also find by clear and convincing evidence that one or more statutory grounds for termination exists. *See* Ark.Code Ann. § 9–27–341(b)(3)(B). However, proof of only one statutory ground is sufficient to terminate parental rights. *Gossett v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 240, 374 S.W.3d 205.

### Discussion

Appellant contends that there was insufficient evidence to support the trial

court's determination that he had failed to remedy the conditions causing removal of the children. He stresses his cooperation with DHS, citing his revelation to the caseworker where it was that his son was being hidden by the child's mother; his appearance at every hearing; his cordiality to those involved in the case; his payment for paternity testing; and his work on the case plan once he was found to be the father of the children. He points to his partial compliance by August 2009, and claims that when the trial judge found him out of compliance by failing to begin his GED classes, the previous order did not contain that requirement. Appellant complains of the trial court's order faulting him for failing certain tasks despite those tasks not being included in the previous order, such as failing to enter counseling or take GED classes.

He contends that even though he was in partial compliance, DHS sought to terminate his parental rights. He asserts that the same day the motion to terminate was filed, a permanency-planning order noting his accomplishments was also filed. He contends that his accomplishments included cooperation with DHS; inpatient drug treatment; parenting classes; submission to random drug screens; obtaining his own residence; missing only one visit with the children; attending out-patient drug treatment; and enrolling in counseling the week prior to the review hearing. He points out that the trial court found on March 9, 2010, that he had completed enough of the case plan to warrant more time. Two months later, the trial court chastised him for missing several visitations and for leaving the state during that time. However, appellant argues that he went to Texas to work and spent the money on furniture for a home he rented for the children. He contends that he worked diligently to have the income to accomplish all of the tasks ordered of him, yet the

trial court was dissatisfied that he could not manage thirteen tasks simultaneously.

Appellant argues that the caseworker's testimony at the termination hearing—regarding appellant's failure to cooperate, his unsuitable housing, DHS's inability to locate him for random drug screens, and lack of changes in his status since the beginning of the case—was belied by the trial court's orders noting his partial compliance and the caseworker's testimony on cross-examination. He points out that she acknowledged that appellant's home had electricity and water, that the repairs that needed to be made were easily repairable, and that the home was very close to being suitable.

He contends, therefore, that the evidence was insufficient to warrant termination of his parental rights, which, he argues, was done based upon the sole ground that he had failed to remedy the condition causing removal, despite being given in excess of one year to do so. *See* Ark.Code Ann. § 9–27–341(b)(3)(B)(i)($a$). He argues further that the specific ground relied upon by the trial court does not pertain to him, as he was not the cause of his children's removal, and he was thus powerless to meet the condition of the statute—that he remedy the condition causing removal. He maintains that the conditions that caused removal were the result of the children's mother's conduct.

He cites *K.C. v. Arkansas Dep't of Human Servs.*, 2010 Ark. App. 353, 374 S.W.3d 884, for the proposition that to permit termination of his parental rights because of the neglect perpetrated by the children's mother is insupportable. In that case, fifteen-year-old K.C.'s parental rights to her two-year-old child were terminated after K.C. had been found dependent-neglected and her child, L.C., was found to be a dependent juvenile. When

K.C. was returned to her mother, the trial court changed the goal to termination of K.C.'s parental rights, which was ultimately accomplished pursuant to section 9–27–341(b)(3)(B)(i)(*a*) (failure to remedy conditions that caused removal with child out of parent's custody for over twelve months). We held that the trial court blurred the lines between K.C.'s case and her mother's, that it was impossible for K.C. to remedy the problems that caused removal because she was not the cause of the removal of L.C., and that the record was void of any evidence as it related to K.C. on that required element.

Further, we elected not to accommodate the request of the attorney ad litem. There, as in the case before us, the attorney ad litem argued that this court can affirm based upon our de novo review and ability to hold that other grounds for termination were proved even when they were not stated in the circuit court's order. *See Ratliff v. Ark. Dep't of Human Servs.*, 104 Ark. App. 355, 292 S.W.3d 870 (2009); *Smith v. Ark. Dep't of Health & Human Servs.*, 100 Ark. App. 74, 264 S.W.3d 559 (2007). In *K.C.*, the particular ground upon which the ad litem urged us to affirm was not alleged in the termination petition, argued at the termination hearing, or used as a basis for the trial court's termination decision, but instead was being argued for the first time on appeal. *K.C., supra.* We further held that K.C. had no notice that her parental rights might be terminated based upon her mental deficiencies, thus violating her due-process rights. *Id.*

The instant case is distinguished from *K.C.* in that, here, the termination petition alleges that other factors or issues arose subsequent to the filing of the original petition for dependency neglect that demonstrate that return of the children to appellant's custody would be contrary to their health, safety, or welfare and that, despite the offer of appropriate family services, appellant has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate his circumstances that prevent return of the children to his custody. *See* Ark.Code Ann. § 9–27–341(b)(3)(B)(vii)*(a)*. Appellant's continued use of illegal drugs shows an indifference to remedying the problems plaguing the family and potential harm to the children. Further, appellant's failure to follow the case plan, obey all court orders, attend and participate in individual and family counseling, submit to random drugs screens, obtain and maintain stable transportation, housing and a driver's license, and attend every local NA/AA meeting shows indifference or an inability to comply. Therefore, pursuant to section 9–27–341(b)(3)(B)(vii)*(a)*, the trial court's decision to terminate parental rights was not clearly erroneous.

Affirmed.

VAUGHT, C.J., and HOOFMAN, J., agree.