Kenneth S. Hixson, Judge, concurring. hi agree with the conclusion that termination of Mr. Brumley’s parental rights was in the best interest of the child for the reasons set forth in the prevailing opinion. However, in my view neither of the statutory grounds relied on by the trial court in its termination order was established under the particular facts of this case. Nonetheless, I concur in the decision to affirm the termination order based on the alternative ground announced in the prevailing opinion. In the termination petition filed by DHS, it also alleged statutory grounds under Arkansas Code Annotated section 9 — 27—341(b)(3)(B)(viii), which provides that termination may be ordered if the parent is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile’s life. In this case Mr. Brumley has been imprisoned since 2007, which is most of G.B.’s life, and even by Mr. Brumley’s testimony he will not be paroled for at least another nine months. Because of Mr. Brumley’s extended term of imprisonment, he is a virtual stranger to the child. While the trial court did not make this specific finding in its termination order, this court, in our de novo review, may hold that other grounds alleged in the termination petition were proved, even if they were not stated in the trial court’s order. See Fenstermacher v. Ark. Dep’t of Human Servs., 2013 Ark. App. 88, 426 S.W.3d 483; Bradbury v. Ark. Dep’t of Human Servs., 2012 Ark. App. 680, 424 S.W.3d 896; Allen v. Ark. Dep’t of Human Servs., 2011 Ark. App. 288, 384 S.W.3d 7. Although the trial court did not make a finding on this ground, in my view it was alleged and proved by DHS. For these reasons, I concur.