

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-1011

|  |  |
|---|---|
| JEROD MILLER<br><br>          APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br>          APPELLEES | **Opinion Delivered** May 4, 2016<br><br>APPEAL FROM THE SEARCY COUNTY CIRCUIT COURT<br>[NO. 65JV-13-26]<br><br>HONORABLE TROY B. BRASWELL, JR., JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Jerod Miller is appealing the Searcy County Circuit Court's order terminating his parental rights to his daughter J.M. (born 10-24-13). This case is the companion to *Miller v. Arkansas Department of Human Services*, 2016 Ark. App. ___, also decided today, in which Miller has appealed the termination of his parental rights to two other children. The facts and procedural history are set forth in that opinion. In the present case, Miller's only argument on appeal is that the trial court lacked evidence of adoptability. We affirm.

The circuit court entered a termination order in which it found that Miller had not remedied the conditions causing removal, that termination was in J.M.'s best interest, and that J.M. was adoptable based on the testimony of "Jennifer Matney." No one named Jennifer Matney testified at the hearing. However, J.M.'s foster mother testified that she and her husband wanted to adopt J.M. if she became available for adoption. She stated that their home

was not yet approved by the Arkansas Department of Human Services (DHS) as an adoptive home but that it was their intention to pursue adoption.

Miller entered a timely notice of appeal. He argues that, because the court's order erroneously relied on the testimony of a nonexistent witness, there was no evidence of adoptability. In *Knuckles v. Arkansas Department of Human Services*, 2015 Ark. App. 463, at 2–3, 469 S.W.3d 377, 378–79, we explained that we review termination-of-parental-rights cases de novo. *Id.* at 2–3, 469 S.W.3d at 378–79 (citing *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001)). However, we reverse a trial court's decision to terminate parental rights only when it is clearly erroneous. *Ullom v. Ark. Dep't of Human Servs.*, 340 Ark. 615, 12 S.W.3d 204 (2000); *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851; *Brewer v. Ark. Dep't of Human Servs.*, 71 Ark. App. 364, 43 S.W.3d 196 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a distinct and firm conviction that a mistake was made. *Wade v. Ark. Dep't of Human Servs.*, 337 Ark. 353, 990 S.W.2d 509 (1999); *Hopkins v. Ark. Dep't of Human Servs.*, 79 Ark. App. 1, 83 S.W.3d 418 (2002). Adoptability is a factor that must be considered in determining a child's best interest in a termination proceeding. Ark. Code Ann. § 9-27-341(b)(3)(A)(i)–(ii) (Repl. 2015). We have previously held that, in order to meet the statutory requirement, the circuit court must either have evidence of adoptability or find that "other aspects of the best-interest analysis so favor termination that the absence of proof on adoptability makes no legal difference." *Haynes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 28, at 4.

While Miller argues that the court lacked evidence of adoptability, there was direct testimony on that issue from J.M.'s foster mother, who testified that she and her husband wanted to adopt J.M. Although the foster parents were not yet cleared for adoption, there is no requirement that an adoptive home be approved and available for the child at the time of the termination hearing. The statute requires consideration of whether the child is adoptable, and a prospective parent's interest in adopting the child indicates adoptability.

The court's misstatement that it relied on the testimony of Jennifer Matney is not determinative because there was other evidence of adoptability sufficient to support the court's best-interest finding. As stated above, we will not reverse the circuit court's decision absent clear error, and we have explained that "a finding is clearly erroneous when, although there is evidence to support it, the appellate court, *on the entire evidence*, is left with a definite and firm conviction that a mistake has been made." *Lively v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 131, at 4, 456 S.W.3d 383, 386 (emphasis added). In *Brumley v. Arkansas Department of Human Services*, 2015 Ark. 356, the Arkansas Supreme Court explained,

> While our de novo review does not mean that the findings of fact of the circuit court are dismissed out of hand and that the appellate court becomes the surrogate circuit court, it does mean that a complete review of the evidence and the record may take place as part of the appellate review to determine whether the trial court clearly erred either in making a finding of fact or in failing to do so. *Stehle v. Zimmerebner*, 375 Ark. 446, 291 S.W.3d 573 (2009). This de novo standard opens the entire record for our review. *Conagra, Inc. v. Tyson Foods, Inc.*, 342 Ark. 672, 30 S.W.3d 725 (2000). Moreover, under this standard of review, an appellate court is not constrained by the trial court's rationale, but may review the record for additional reasons to affirm. *See State of Wash. v. Thompson*, 339 Ark. 417, 6 S.W.3d 82 (1999); *see also Fenstermacher v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 88, 426 S.W.3d 483; *Bradbury v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 680, 424 S.W.3d 896. It is well established that this court may affirm a trial court when it has reached the right result, although it may have announced a different reason. *See Powell v. Lane*, 375 Ark. 178, 289 S.W.3d 440 (2008); *see also Allen v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 288, 384 S.W.3d 7; *Smith v. Ark. Dep't of Human*

*Servs.*, 100 Ark. App. 74, 264 S.W.3d 559 (2007). Thus, we review the record in the present case to determine if the evidence supports affirmance.

*Brumley*, 2015 Ark. 356, at 8–9. Therefore, although we acknowledge the circuit court's error in attributing testimony to a witness who did not appear at the hearing, we affirm the termination of Miller's parental rights because the circuit court reached the correct conclusion as to adoptability based on our review of the entire record.

Affirmed.

GLADWIN, C.J., and HIXSON, J., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.