SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-1104

**Opinion Delivered** April 26, 2017

EUGENIA ANN MARIE ROBINSON
APPELLANT

V.

ARKANSAS DEPARTMENT OF HUMAN
SERVICES AND MINOR CHILDREN
APPELLEES

APPEAL FROM THE UNION
COUNTY CIRCUIT COURT
[NO. 70JV-16-2]

HONORABLE EDWIN KEATON,
JUDGE

AFFIRMED; MOTION TO
WITHDRAW GRANTED

## LARRY D. VAUGHT, Judge

Appellant Eugenia Robinson appeals the September 20, 2016 order of the Union County Circuit Court terminating her parental rights to her two children, D.R. and J.R., ages two and a half and ten months, respectively.[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services,* 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2016), Eugenia's counsel has filed a no-merit brief and a motion to withdraw, alleging that there are no meritorious grounds for appeal.[2] After a full examination under the proper standards, we hold that counsel provided a compliant no-merit brief demonstrating that an

---

[1]The order also terminated the parental rights of Cantobie Robinson, the father of D.R. and J.R. Cantobie is not a party to this appeal.

[2]As provided in Arkansas Supreme Court Rule 6-9(i)(3), the clerk of our court attempted twice to mail Eugenia at her last known address a copy of her attorney's brief and motion and a letter advising her of her right to file pro se points. The first mailing was returned by the postal service marked "Unclaimed/Max Hold Time Expired," and the second mailing was returned marked "Return to Sender-Unable to Forward." Thus, Eugenia did not file pro se points for reversal. The State elected not to file a brief with our court.

appeal would be wholly without merit and that counsel's motion to be relieved should be granted.

The Department of Human Services ("DHS") removed D.R. from the custody of her father, Cantobie Robinson, on December 29, 2015, after learning that Cantobie went to the local DHS office with D.R. and advised that he did not have housing or food for her. He advised that they had been spending the night at the Salvation Army for the past ten days; however, they were not permitted to stay there during the day. He reported that he had nowhere to keep D.R. during the day. Cantobie tested positive for marijuana. He also reported that Eugenia, who was three months pregnant, had left him and D.R. and was living with Mark Eutsey. DHS also learned that Eugenia and Cantobie's parental rights to A.R., an older sibling of D.R.'s, were involuntarily terminated in April 2014 based on the grounds of abandonment and aggravated circumstances along with a finding that termination was in A.R.'s best interest.

D.R. was adjudicated dependent-neglected on February 29, 2016, due to Eugenia and Cantobie's lack of suitable housing and their lack of a plan to secure suitable housing. The adjudication order also provided that both Eugenia and Cantobie tested positive for THC. The court set a goal of reunification and ordered the Robinsons to follow the case plan, obey all court orders, and cooperate with DHS; obtain and maintain stable, clean, adequate, and suitable housing and keep all utilities on; obtain and maintain stable employment or otherwise provide adequate income to support D.R.; complete parenting classes; submit to random drug screening and test negative; undergo a psychological evaluation; complete a drug assessment and follow the recommendations; not use or possess any illegal drugs; and attend and

participate in individual counseling. DHS had no further contact with Cantobie after February 29, 2016.

On June 21, 2016, Eugenia gave birth to J.R. The following day, DHS removed J.R. from Eugenia's custody after learning that Eugenia was still living with Eutsey, who was not J.R.'s father and who would not permit DHS to enter his home for DHS visits in connection with D.R.'s case. J.R. was adjudicated dependent-neglected on August 1, 2016, due to Eugenia's lack of suitable housing at J.R.'s birth and Cantobie's lack of contact with DHS since February 2016. The Robinsons were ordered to follow the same case plan established for D.R.

DHS filed a petition to terminate Eugenia and Cantobie's parental rights on August 1, 2016. DHS alleged that termination was in the children's best interest, and the grounds alleged against Eugenia were: (1) Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)*(a)(3)(A)*, *(B)(i)* (Repl. 2016), which allows for termination if the parent has subjected the juveniles to aggravated circumstances where a judge has made the determination that there is little likelihood that services to the family will result in successful reunification; and (2) Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)*(a)(4)*, which allows for termination if the parent has previously had parental rights involuntarily terminated as to a sibling of the juveniles.

Following a termination hearing, the circuit court found that the statutory grounds DHS alleged against Eugenia had been proved and that it was in the children's best interest to terminate parental rights, considering the likelihood that they would be adopted and the potential harm caused by returning them to Eugenia's custody. The circuit court entered its order granting the petition to terminate parental rights on September 20, 2016. This no-merit appeal followed.

In compliance with *Linker-Flores* and Rule 6-9(i), Eugenia's counsel has examined the record for adverse rulings and has adequately discussed why there is no arguable merit to an appeal of the decision to terminate Eugenia's parental rights, noting that there were no other adverse rulings or evidentiary objections. We agree that an appeal from the termination decision would be wholly without merit.

Pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(A), an order terminating parental rights must also be based on a finding that termination is in the child's best interest, which includes consideration of the likelihood that the juvenile will be adopted and the potential harm caused by returning custody of the child to the parent. *Vasquez v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 575, at 5–6, 337 S.W.3d 552, 556. The harm referred to in the termination statute is "potential" harm; the circuit court is not required to find that actual harm would result or to affirmatively identify a potential harm. *Id.* at 6, 337 S.W.3d at 556. In addition, the proof must establish at least one of several statutory grounds. Ark. Code Ann. § 9-27-341(b)(3)(B).

Here, DHS presented evidence that the children are likely to be adopted. Crystal Williams, the DHS adoption specialist, testified that the children's foster parents were interested in adopting them and that more than 389 families were identified as interested in adopting a sibling group of two children matching D.R.'s and J.R.'s characteristics. This court has held such evidence sufficient to support this element of the best-interest analysis. *Davis v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 815, at 10, 370 S.W.3d 283, 288.

The evidence also supports a finding that returning the children to Eugenia presented a risk of potential harm. DHS supervisor and acting caseworker Mydeana Bridges testified that

Eugenia tested positive for drugs at the onset of the case and continued to test positive for drugs. She admitted using marijuana during her pregnancy with J.R. and showed no remorse for it. The most recent drug test was performed on August 30, 2016—just days before the termination hearing—and Eugenia was positive for THC. We have held that continued drug use demonstrates potential harm sufficient to support a best-interest finding in a termination-of-parental-rights case. *Tillman v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 119, at 9 (citing *Allen v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 288, 384 S.W.3d 7).

Further, Bridges testified that Eugenia failed to obtain and maintain stable housing. In June 2016, soon after having J.R., Eutsey told Eugenia she had to move out. Eugenia moved into the home of a friend, but Eugenia was asked to leave that home because she reportedly stole some of the homeowner's marijuana. Eugenia reported to Bridges thereafter that she had been living in an abandoned house without the owner's permission. Eugenia informed DHS that she had to "time her entry and leaving of the home so that the owners [would not] see her."[3] Bridges testified that Eugenia was living in the abandoned home at the time of the termination hearing and that she did not believe Eugenia would be able to secure stable housing within the next four months. Potential harm must be viewed in a forward-looking manner and in broad terms, including the harm the child suffers from the lack of stability of a permanent home. *Wallace v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 481, at 12, 470 S.W.3d 286, 293. Eugenia has been, and continues to be, unable to provide her children with a stable home—a child's basic need.

---

[3]Eugenia was present at the termination hearing but did not testify.

There are other factors to support the circuit court's potential-harm finding. Eugenia remained married to Cantobie despite knowing that he used illegal drugs and suffered from mental-health problems and despite her claims that he emotionally and physically abused her. Eugenia also suffers from bipolar disorder, yet she reported that she had not taken her medication for the disease since 2013. Eugenia's drug use and overall instability demonstrated the risk of potential harm to D.R. and J.R. if they were returned to her. Accordingly, we hold that there is no merit to the appeal of the circuit court's best-interest finding.

For grounds, the circuit court found that the children had been subjected to aggravated circumstances and that Eugenia's parental rights to a sibling of D.R. and J.R.'s had been involuntarily terminated. Only one ground is necessary for termination to occur. *Draper v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 112, at 15, 389 S.W.3d 58, 66. Here, there is no merit to a challenge to the circuit court's conclusion that Eugenia's parental rights to D.R.'s and J.R.'s sibling had been involuntarily terminated. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(4)*. DHS introduced into evidence, without objection, the 2014 termination order concerning D.R.'s and J.R.'s older sibling, A.R.

After carefully examining the record and the no-merit brief, we hold that Eugenia's counsel has complied with the requirements for a no-merit parental-rights-termination appeal and that the appeal is wholly without merit. We therefore affirm the order terminating Eugenia's parental rights to D.R. and J.R. and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GRUBER, C.J., and GLADWIN, J., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.
No response.