BART F. VIRDEN, Judge
Appellant Trachica Newmy appeals from the Mississippi County Circuit Court's termination of her parental rights to A.N.1 (DOB: 1-16-2010) and A.N.2 (DOB: 4-2-2015). Her counsel has filed a no-merit brief and motion to withdraw as counsel pursuant to Linker-Flores v. Arkansas Department of Human Services , 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), alleging that Newmy has no meritorious basis for an appeal. Newmy was provided with a copy of counsel's no-merit brief and motion to withdraw and was notified of her right to file pro se points for reversal. Newmy has not filed any points. We affirm the termination of parental rights and grant counsel's motion to withdraw.
I. Procedural History
On October 26, 2016, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect with respect to Newmy's children. Attached to the petition was an affidavit in which a family-service worker *859 for DHS attested that a call was made to the child-abuse hotline on October 22, 2016, reporting that then nineteen-month-old A.N.2 had been flown to Le Bonheur Children's Hospital in Memphis after he had sustained a first-degree burn on his thigh. When workers went to Newmy's home to investigate, Newmy was incoherent and smelled of alcohol. She refused a drug test but admitted drinking alcohol and smoking crack cocaine. A seventy-two-hour hold was placed on the children.
On October 27, 2016, the trial court entered an ex parte order for emergency custody and subsequently found probable cause to believe that the emergency conditions that necessitated the children's removal from Newmy's custody continued to exist. On January 26, 2017, A.N.1 and A.N.2 were adjudicated dependent-neglected in that they had been subjected to inadequate supervision due to Newmy's drug use. Newmy was ordered to comply with standard welfare orders and to submit to a drug-and-alcohol assessment and follow the recommendations.
In a review order entered May 24, 2017, the trial court found that Newmy had complied with the case plan and court orders. Another review order was entered August 17, 2017, and the trial court found that Newmy had complied except she had not remained drug free; she had not kept DHS informed; and she had not successfully completed drug treatment. She was ordered to attend and complete inpatient drug treatment and to obtain mental-health counseling and treatment as recommended. A permanency-planning order was entered on October 19, 2017, in which the trial court found that Newmy had complied except she had not obtained and maintained stable housing and income; she had not successfully completed drug treatment; and she had not been able to maintain her sobriety. The trial court further ordered Newmy to live separate and apart from Tony Newmy and Melvin Sharkey after having completed drug treatment.[1]
On February 28, 2018, DHS filed a petition to terminate Newmy's parental rights on the following grounds set forth in Ark. Code Ann. § 9-27-341(b)(3)(B) (Supp. 2017): (i)(a) (twelve-month failure to remedy); (vii)(a) (subsequent factors or issues); and (ix)(a)(3)(i) (aggravated circumstances: little likelihood that services will result in successful reunification).
II. Standard of Review
We review termination-of-parental-rights cases de novo. Hall v. Ark. Dep't of Human Servs. , 2018 Ark. App. 4. An order forever terminating parental rights must be based on a finding by clear and convincing evidence that termination is in the children's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A). The trial court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. Id. The trial court must also find by clear and convincing evidence one or more grounds for termination. Id. When the burden of proving a disputed fact is by clear and convincing evidence, the appellate inquiry is whether the trial court's finding is clearly erroneous. McGaugh v. Ark. Dep't of Human Servs. , 2016 Ark. App. 485, 505 S.W.3d 227. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. Id. In resolving the clearly erroneous question, we *860 defer to the trial court because of its superior opportunity to observe the parties and judge the credibility of witnesses. Id.
III. No-Merit Petitions
Arkansas Supreme Court Rule 6-9(i) permits counsel for an appellant in a termination-of-parental-rights case to file a no-merit petition and motion to withdraw if, after studying the record and researching the law, counsel determines that the appellant has no meritorious basis for appeal. Ark. Sup. Ct. R. 6-9(i)(1). The petition must include an argument section that lists all adverse rulings to the appellant made by the trial court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explains why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A).
IV. Adverse Ruling
Counsel correctly asserts that the termination itself was the only adverse ruling. Following a hearing, the trial court terminated Newmy's parental rights based on the three grounds alleged in DHS's petition. Only one ground is necessary for termination to occur. Robinson v. Ark. Dep't of Human Servs. , 2017 Ark. App. 262, 520 S.W.3d 322. One of the grounds found is subsection (vii)(a) , which is when other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the children in the parent's custody is contrary to the children's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent placement of the children in the parent's custody. Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(a) .
Evidence presented at the hearing supports this ground for termination. Subsequent to the filing of DHS's dependency-neglect petition, Newmy arrived for visitation and a DHS staffing under the influence of alcohol; she was discharged from two inpatient drug-treatment programs; and she moved into an apartment with Tony Newmy, a registered sex offender who had been convicted of second-degree sexual abuse of an eleven-year-old victim, despite a court order directing that she live separate and apart from him. DHS offered appropriate family services, e.g., a drug-and-alcohol assessment, drug-and-alcohol screenings, home visits, visitation, a psychological-evaluation referral, a counseling referral, and drug-and-alcohol inpatient treatment referrals, but Newmy manifested the incapacity or indifference to remedying her subsequent issues, which prevented her children from being returned to her custody.
The evidence also supports the trial court's best-interest finding. Brandi Johnson, a DHS family-service worker, testified that the children are adoptable and that a relative in Illinois had "expressed great interest" in having the children placed with her. As for potential harm, Newmy disobeyed a direct order when she began living with a registered sex offender, and she continued to abuse alcohol and testified at the termination hearing that she did not think she had a drinking problem.
V. Conclusion
Based on our de novo review of the evidence and our examination of the record and counsel's brief, we conclude that the trial court did not clearly err in terminating Newmy's parental rights to her children. Counsel has complied with the requirements under Linker-Flores and Rule 6-9(i) and adequately explained why an appeal would be wholly frivolous. We *861 therefore affirm the termination of Newmy's parental rights and grant counsel's motion to withdraw.
Affirmed; motion to withdraw granted.
Gladwin and Vaught, JJ., agree.

Tony Newmy, appellant's husband, is the legal father of both children. Melvin Sharkey is the putative father of A.N.2. Neither man is a party to this appeal.