Cite as 2026 Ark. App. 319

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-26-8

| | |
|---|---|
| CHRISTOPHER CRAWFORD<br><br>                              APPELLANT<br><br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILDREN<br><br>                              APPELLEES | Opinion Delivered May 20, 2026<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT, EIGHTH<br>DIVISION<br>[NO. 60JV-24-402]<br><br><br>HONORABLE TJUANA BYRD<br>MANNING, JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Judge**

Appellant Christopher Crawford appeals the Pulaski County Circuit Court's termination of his parental rights of his eight minor children. His counsel filed a motion to withdraw and no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(j) (2025), asserting that there is no arguable claim to raise on appeal. The clerk of this court sent a copy of the brief and motion to be relieved to Christopher, informing him that he had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(j)(3), which he has filed. We affirm the order terminating Christopher's parental rights and grant counsel's motion to withdraw.

I. *Background Facts*

This case involves the eight minor children of Sydney Crawford and Christopher Crawford. On May 6, 2024, the Arkansas Department of Human Services (DHS) filed a petition for ex parte emergency custody and dependency-neglect pertaining to all of the minor children. DHS alleged that the children were dependent-neglected as a result of neglect, abuse, sexual abuse, and parental unfitness. An ex parte order for emergency custody was filed the same day. A probable-cause hearing was held on May 9, and the circuit court accepted the stipulation of the parties that probable cause existed at the time of removal. The circuit court ordered a "minimum of six hours of family time with the children" and that the children should be lice-free prior to such family time. The circuit court also prohibited the use of corporal punishment or physical discipline of the children during family visitation.

On June 24, 2024, the circuit court entered a finding that the children were dependent-neglected on the basis of environmental neglect and educational neglect. The court noted that Sydney Crawford was currently incarcerated. A disposition hearing was held on July 9. MC1 and MC4 were placed together, MC3 and MC8 were placed together, and the other four minor children were in separate placements. The court found that the goal was reunification with a fit parent and a concurrent goal of adoption or guardianship. Visitation was to remain as previously ordered; however, the court gave DHS discretion to modify and increase Christopher's visitation to unsupervised upon agreement of the attorney ad litem.

2

A review hearing was held on December 12. The court entered its order finding that Christopher needed to complete his services; have safe, stable, and appropriate housing and income; remain sober; and demonstrate that he can provide care and supervision of the minor children. The court found that Christopher had partially complied with the case plan and court order.

On April 24, 2025, the court held a permanency-planning hearing. After the hearing, the circuit court changed the goal of the case to adoption and authorized DHS to file a termination-of-parental-rights petition. The court found that despite offers of assistance, Christopher had not made significant measurable progress. Regarding Sydney Crawford, the court explained that she had been incarcerated for the majority of the case and has a "sexual indecency toward a child conviction which will require sex offender registration." Specifically, the court found that Christopher is unemployed, failed to obtain housing that would accommodate his children, failed to completed his recommended drug and alcohol treatment, has not taken full advantage of the opportunities to visit with the children, and failed to demonstrate the mental maturity or progress from therapy or parenting to manage his children.

On July 16, DHS filed a petition for termination of parental rights. DHS alleged five grounds in support of its petition for termination: (1) the children had been out of the custody of the parents for twelve months with the parents having failed to remedy the cause for removal; (2) the children had been out of the home of the noncustodial parent for twelve months with the parents having failed to remedy the conditions that prevented the children

from safely being placed in the parent's home; (3) the children had lived outside of the home of the parent for twelve months and the parent had willfully failed to provide significant material support for the juvenile or maintain meaningful contact with the juvenile; (4) that after the filing of the petition for dependency-neglect, other factors or issues arose that demonstrate the placement of the children in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that the parent manifests an incapacity or indifference to remedy those subsequent factors; and (5) a parent had been sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the children's lives.

A termination hearing was held on October 2, 2025. Christopher and Sydney testified at the hearing. They both requested to be excused following their respective testimony, and the court granted both requests. At the conclusion of the hearing, the circuit court granted the petition and terminated Christopher Crawford's and Sydney Crawford's parental rights on four of the five grounds pled by DHS. The termination order was entered on October 14, 2025. Christopher timely appealed.

## II. *Standard of Review*

A circuit court's order terminating parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-35-325(b)(3) (Supp. 2025) (formerly Ark. Code Ann. § 9-27-341(b)(3)). Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Posey v. Ark. Dep't of Health & Hum. Servs.*, 370 Ark. 500, 262 S.W.3d 159

(2007). On appeal, the appellate court reviews termination-of-parental-rights cases de novo but will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit court to assess the witnesses' credibility. *Lee v. Ark. Dep't of Hum. Servs.*, 102 Ark. App. 337, 285 S.W.3d 277 (2008). Only one ground is necessary to terminate parental rights. *Id.*

Arkansas Supreme Court Rule 6-9(j)(1) allows counsel for an appellant in a termination case to file a no-merit brief and motion to withdraw if, after studying the record and researching the law, counsel determines that the appellant has no meritorious basis for appeal. The brief must include an argument section that includes all circuit court rulings that are adverse to the appellant on all objections, motions, and requests made by the party at the hearing from which the appeal arose and an explanation why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(j)(1)(A). Additionally, the brief's statement of the case and facts must contain all rulings adverse to the appellant made by the circuit court at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(j)(1)(B). In evaluating a no-merit brief, the issue for this court is whether the appeal is wholly frivolous or whether there are any issues of arguable merit for appeal. *Linker-Flores*, *supra.*

III. *Discussion*

5

To terminate parental rights, a circuit court must find clear and convincing evidence as to one or more of the grounds for termination listed in Arkansas Code Annotated section 9-35-325(b)(3)(B). *See Trogstad v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 443, 609 S.W.3d 661. The circuit court must also find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-35-325(b)(3)(A)(i), (ii).

## A. Statutory Grounds

In his no-merit brief, counsel asserts that after a conscientious review of the record, he has determined there are no issues of arguable merit for appeal. Counsel maintains that, of the four grounds found by the circuit court, the subsequent-factors ground has the least potential for arguable merit. Counsel argues there is ample evidence to support the court's subsequent-factors finding, and because only one ground is needed to terminate parental rights, any arguments regarding the remaining grounds are moot. We agree.

This ground requires DHS to prove that other factors or issues arose after the petition was filed that prevented the children's placement with the appellant, and that, despite the offer of appropriate family services, he manifested the incapacity or indifference to remedy those subsequent factors or issues. Ark. Code Ann. § 9-35-325(b)(3)(B)(vii)*(a)*. This court has held that a parent's lack of compliance with the case plan and orders of the court, including

6

testing positive for drugs, will support a termination of parental rights under the subsequent-factors ground. *See Farfan v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 438, 654 S.W.3d 849.

Here, Christopher was ordered to complete services; obtain and maintain safe, stable, and appropriate housing and income; remain sober; and demonstrate that he could provide care for the supervision of his children. He completed his parenting classes and the drug-and-alcohol assessment. However, the record is replete with evidence of his continued drug use, his inability to provide for the care and supervision of the minor children, and furthermore, the minor children had been out of his custody for a period of seventeen months. Christopher also tested positive in August 2025 for THC. On this record, we conclude that the circuit court did not err in relying on the subsequent-factors ground in terminating Christopher's parental rights.

B. Best-Interest Finding

Counsel for Christopher also contends that it would be frivolous to seek reversal of the circuit court's best-interest findings. Regarding adoptability, the adoption specialist testified at the termination hearing that there were no barriers to adoption and that all the minor children are adoptable. There was also testimony from the DHS case supervisor that four of the five families were considering adopting the minor children. We have frequently held that the testimony of an adoption specialist is sufficient to support a circuit court's adoptability findings. *See Jordan v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 344, 652 S.W.3d 611; *Hardiman v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 542, 589 S.W.3d 412. We therefore agree with counsel that there could be no meritorious challenge on this point.

7

Regarding potential harm, the circuit court is not required to find that actual harm would result or to affirmatively identify a potential harm. *Ross v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 503, 529 S.W.3d 692. Potential harm must be viewed in broad terms, and "potential" necessarily means that the court is required to look to future possibilities. *Id.* We have frequently held that continued drug use and instability demonstrate potential harm sufficient to support a best-interest finding in a termination-of-parental-rights case. *Beaird v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 415, 585 S.W.3d 172; *Murphy v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 426, 560 S.W.3d 465; *Robinson v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 262, 520 S.W.3d 322.

The circuit court found that the minor children would be at risk of homelessness, housing instability, substance exposure, and further neglect if returned to Christopher. These findings are supported by the evidence—Christopher testified that he did not have a job, a car, or a house and that he continued to use illegal substances. Accordingly, we agree with counsel's assessment and conclude that the evidence was sufficient to support the circuit court's best-interest analysis.

## C. Other Adverse Rulings

Furthermore, our review indicates that counsel also properly reviewed the record for all adverse rulings and none provide a meritorious challenge for appeal. First, Christopher's counsel objected to Agent Justin Preacher's testimony regarding Sydney Crawford's parole status. Agent Preacher testified that someone at the Pulaski County Sheriff's Office "stated" he was working on a failure-to-register warrant. Counsel objected as hearsay. In response to

the objection, the line of questioning ended. Moreover, the circuit court issued no ruling on the objection; thus, any argument that the objection would provide a meritorious basis for appeal is not preserved. *See Goodson v. Bennett*, 2018 Ark. App. 444, 562 S.W.3d 847.

Next, counsel addressed Christopher's testimony wherein he requested a continuance to attend drug treatment. Counsel notes that the termination itself operated as a denial of such request. However, Christopher's request for additional time does not constitute a meritorious ground for reversal as explained by counsel. It is well established that the children's need for permanency and stability may override a parent's request for more time to improve the parent's circumstances. *See, e.g., Danes v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 388, 585 S.W.3d 731. Furthermore, there was nothing in the record to reflect that additional time would have resulted in a different outcome as the case had been ongoing for seventeen months.

Finally, counsel states that the only other "possible issue that [Christopher] could have raised as prejudicial was the fact the children were likely to be separated by adoption." Because Christopher failed to raise this argument at the termination hearing, however, counsel correctly concludes that this argument is not preserved for appellate review. *See Rogers v. Ark. Dep't of Hum. Servs.*, 2025 Ark. App. 162, 708 S.W.3d 850.

### D. Pro Se Points

Christopher filed a letter setting forth pro se points for reversal. In the letter, he asserts that he has taken responsibility for his past actions and made measurable and documented changes in his life. Christopher makes several additional arguments, including

9

that he was unable to complete drug-and-alcohol treatment due to lack of transportation and lack of available DHS support; that poverty alone should not serve as the basis for termination of parental rights; and that he missed visits with his children during the pendency of the case due to "overwhelming conditions related to meeting in a very small space" and his documented diagnosis of posttraumatic stress disorder. Finally, he maintains that his children would be safer in his custody, particularly due to one of his children suffering a broken arm while in foster care.

Christopher's request is not supported by any legal argument and he cites no legal authority. When an appellant does not cite authority or make a convincing legal argument, and it is not apparent without further research that the point is well taken, we will affirm. *Cotton v. Ark. Dep't of Hum. Servs.*, 2012 Ark. App. 455, 422 S.W.3d 130. Furthermore, Christopher failed to raise any of the arguments in his letter at the termination hearing; thus, he is barred from raising them for the first time on appeal. *Rogers, supra.*

IV. *Conclusion*

From our review of the entire record and the brief presented by Christopher's counsel, we conclude that an appeal would be wholly frivolous in this case. Therefore, we affirm the circuit court's order terminating Christopher's parental rights to his minor children and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VIRDEN and THYER, JJ., agree.

*Elizabeth James*, Arkansas Commission for Parent Counsel, for appellant.

*Demarcus D. Tave*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Linda J. Hamilton*, attorney ad litem for minor children.